UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY LEE BELL,<br><br>    Petitioner,<br><br>    v.<br><br>MAURICE JUNIOUS, Acting Warden,<br><br>    Respondent.<br><br>AND<br><br>NATALIE DeMOLA,<br><br>    Petitioner,<br><br>    v.<br><br>JAVIER CAVAZOS, Acting Warden,<br><br>    Respondent. | NO. EDCV 08-01913 JST (SS)<br>& NO. EDCV 10-00014 JST (SS)<br><br>**ORDER ADOPTING FINDINGS,**<br><br>**CONCLUSIONS AND RECOMMENDATIONS OF**<br><br>**UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Bell Petition, the DeMola Petition, all the records and files herein, the Amended Report and Recommendation of the United States Magistrate Judge

(the "R&R"), Respondent[1] Junious and Respondent Cavazos' ("Respondents") Objections (the "Objections"), and DeMola's Response to the Objections. After having made a de novo determination of the portions of the Amended Report and Recommendation to which Objections were directed, the Court concurs with and adopts the findings and conclusions of the Magistrate Judge. However, the Court addresses Respondent's Objections, below.

In their Objections, Respondents contend that the Magistrate Judge's reliance on Williams v. Cavazos, 646 F.3d 626 (9th Cir. 2011), was erroneous. (Objections at 2). However, Respondents do not argue that Williams is distinguishable or that the Magistrate Judge otherwise erred in concluding that Williams controls the disposition of this case. Rather, all of Respondents' arguments are directed against Williams itself and contend that Williams was wrongly decided. (Objections at 2-14); (id. at 12) ("[T]he Ninth Circuit was wrong to apply that standard on [de novo] review to find a Sixth Amendment violation."). However, this Court is bound to follow Williams unless and until the opinion is overruled by the Ninth Circuit sitting en banc or by the Supreme Court.[2]

---

[1] Maurice Junious, Acting Warden of the North Kern State Prison in Delano, California, where Bell is currently incarcerated, is substituted as the proper Respondent for the Bell Petition. See Fed. R. Civ. P. 25(d).

[2] On July 13, 2011, the Ninth Circuit denied the petition for rehearing and the suggestion for rehearing en banc in Williams. On July 14, 2011, the Ninth Circuit stayed the mandate in Williams until October 12, 2011, to permit the Attorney General's Office time to decide whether to file a petition for writ of certiorari in the Supreme Court. Williams is binding precedent, however, even though the mandate has not issued. See United States v. Gomez-Lopez, 62 F.3d 304, 306 (9th Cir. 1995) ("The government first urges us to ignore Armstrong since we have stayed the mandate to allow filing of a petition for certiorari; this we will not do, as Armstrong is the law of this circuit."); Chambers v. United States, 22 F.3d 939, 942 n.3 (9th Cir. 1994) ("We reject the

1  See, e.g., United States v. Gonzalez-Zotelo, 556 F.3d 736, 740-41 (9th
2  Cir. 2009) ("The district court, like this panel, was bound to follow
3  the reasoning of [prior Ninth Circuit precedent] unless it had been
4  effectively overruled or was clearly irreconcilable with a case from the
5  relevant court of last resort." (internal quotation marks and brackets
6  omitted)).

7

8  Respondents cite an unpublished memorandum disposition, Lopez v.
9  Kernan, No. 08-56298, 2011 WL 2938263 (9th Cir. July 22, 2011), in which
10 the Ninth Circuit distinguished Williams because all parties in Lopez
11 agreed that the California Court of Appeal had adjudicated the
12 constitutional issue. (Objections at 13) (citing Lopez). In Lopez, the
13 petitioner "recognize[d], or at least d[id] not contest, that the
14 California Court of Appeal did decide the constitutional question in his
15 case." Lopez, 2011 WL 2938263, at *1 n.1. Indeed, the California Court
16 of Appeal expressly recognized the constitutional nature of the
17 petitioner's claim. See People v. Lopez, No. B168755, 2004 WL 1894982,
18 at *5 (Cal. Ct. App. Aug. 25, 2004) ("Appellant contends: . . . The
19 judgment must be reversed because the trial court, with knowledge of her
20 position that appellant was not guilty, coerced a juror to leave the
21 jury, then wrongfully dismissed her, thus depriving appellant of due
22 process and a verdict by a unanimous jury guaranteed by the Fifth, Sixth
23 and Fourteenth amendments to the United States Constitution and by
24 Article I, sections 15 and 16 of the California Constitution.").

25 _____

26 government's argument that X-Citement Video is not binding precedent
   until the mandate issues in that case. In this circuit, once a
27 published opinion is filed, it becomes the law of the circuit until
   withdrawn or reversed by the Supreme Court or an en banc court."),
28 vacated on other grounds by 47 F.3d 1015 (9th Cir. 1995).

Respondents do not and cannot argue that the California Court of Appeal in the current case similarly recognized the constitutional nature of Bell's or DeMola's juror dismissal claim.

Finally, Respondents argue that "[i]t is clear that the trial court did not remove Juror [No.] 7 for her views because the trial court could have done so earlier in the proceedings but declined to do so." (Objections at 24). However, the only relevant question is whether there "was a *reasonable possibility* that the *request* for the juror's discharge stemmed from [her] views of the merits of the case." Williams, 646 F.3d at 642 (emphasis added). The Court will not reiterate here the detailed sequence of events leading up to the removal of Juror No. 7 outlined in the R&R. However, the Williams "reasonable possibility" standard is easily met by the facts showing, among other things, that (1) the other jurors repeatedly raised with the trial court their frustration with Juror No. 7's views of the merits of the case; (2) the jury informed the court that they were hung; (3) the trial court examined Juror No. 7 as to her views of the case; (4) the trial court polled the jury, learned that they were divided 11-1, and gave a dynamite instruction; (5) at least one juror then told the trial court that "with an alternate juror [they] could come to a unanimous decision" (6RT1565); (6) the trial court thereafter replaced Juror No. 7 and within one day, the jury reached a unanimous verdict.

Therefore, assuming that the trial court had cause to remove Juror No. 7 because she "acted as an expert," the trial court "was not justified in <u>acting</u> upon that cause because there was a 'reasonable possibility' that the request for removal was directly connected to

4

[Juror No. 7's] views on the merits." Id. at 647. Accordingly, habeas relief is necessary here.

**IT IS ORDERED THAT:** (1) the Bell Petition and the DeMola Petition are GRANTED; and (2) Respondents must either release Bell and DeMola or retry them within 120 days of the date of this Order, plus any additional delay authorized under state law.

**IT IS FURTHER ORDERED** that the Clerk serve copies of this Order and the Judgment herein on counsel for all parties.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: September 24, 2011

JOSEPHINE STATON TUCKER
UNITED STATES DISTRICT JUDGE